UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL MOIS,<br><br>    Plaintiff,<br><br>    v.<br><br>A. CIOLLI, et al.,<br><br>    Defendants. | **Case No. 1:20-cv-00885-AWI-CDB (PC)**<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>**(Doc. No. 25)**<br><br>Clerk of the Court to close the case. |

Plaintiff Emanuel Mois is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 15, 2021, the assigned magistrate judge issued a screening order, finding that Plaintiff's second amended complaint fails to state a claim upon which relief may be granted. (Doc. No. 25.)  In particular, the court found that Bivens does not extend to plaintiff's First Amendment claim and his Eighth Amendment claims were speculative, conclusory, and unsupported by factual allegations.  (Id. at 8–9.)  The magistrate judge found that further amendment would be futile and recommended the dismissal of the action.  (Id. at 9.)

Plaintiff filed timely objections.  (Doc. No. 26.)  Plaintiff argues that defendants denied him religious and study materials in violation of constitutional rights, but he has failed to

demonstrate that <u>Bivens</u> should be extended to address his First Amendment claim. Additionally, plaintiff acknowledges that no physical force was used against him, but he argues that defendants violated his Eighth Amendment rights by denying him his First Amendment rights.

The magistrate judge correctly determined that the second amended complaint does not state a claim under <u>Bivens</u> for a First Amendment violation or a claim for cruel and unusual punishment under the Eighth Amendment. Although not addressed in the findings and recommendations, this court also finds that plaintiff is not entitled to damages for mental or emotional injuries absent a physical injury. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ."); <u>Oliver v. Keller</u>, 289 F.3d 623, 627 (9th Cir. 2002). Plaintiff's Eighth Amendment claim also fails for this reason.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The findings and recommendations issued on December 15, 2021 (Doc. No. 25) are ADOPTED IN FULL;
2. This action is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted; and
3. The Clerk of the Court is directed to terminate all pending motions and to close this case.

IT IS SO ORDERED.

Dated:   April 7, 2023

SENIOR DISTRICT JUDGE